PEOPLE *v.* WEBB

CRIMINAL LAW—DEFENSES—INSANITY—APPEAL AND ERROR—COURT
OF APPEALS.
   The Court of Appeals will not review the merits of a new test
      for insanity in criminal cases until the Supreme Court has
      acted upon the issue.

Appeal from Oakland, Arthur E. Moore, J.  Submitted Division 2 December 10, 1970, at Lansing. (Docket No. 7577.)  Decided January 25, 1971.

Miller Charles Webb was convicted of breaking and entering.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Douglas A. Chartand,* for defendant on appeal.

Before: McGREGOR, P. J., and T. M. BURNS and ANDREWS,* JJ.

PER CURIAM.  This is an appeal as of right from a jury conviction on a charge of breaking and entering.[1]

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.110 (Stat Ann § 28.305).

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 165.

Appellant contends that it was error for the lower court to refuse to give his requested instructions concerning insanity.

A review of the charge given shows that it is consistent with the current Michigan law concerning insanity. *People* v. *Durfee* (1886), 62 Mich 487. Appellant is arguing, in effect, for a change in the Michigan law regarding insanity. In *People* v. *Krugman* (1966), 377 Mich 559, the Supreme Court refused to consider a change in the insanity test in Michigan and left the *Durfee* test standing.

This Court has declined before to review the merits of new insanity defenses until the Supreme Court has acted upon the issue. *People* v. *Cole* (1967), 8 Mich App 250; *People* v. *Morris* (1968), 10 Mich App 526; *People* v. *Markham* (1969), 19 Mich App 616; *People* v. *Wright* (1970), 25 Mich App 499.

Affirmed.